JAMES C. GRAHAM ET AL. V. MARIE HIESEL.

FILED MARCH 23, 1905.  No. 13,755.

1. **Review.** Action of the trial court in excluding evidence examined, and approved.
2. **Evidence** examined, and *held* sufficient to sustain the judgment of the trial court.

ERROR to the district court for Sarpy county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*H. Z. Wedgwood,* for plaintiffs in error.

*A. E. Langdon, contra.*

OLDHAM, C.

This is an action of forcible entry and detainer to recover possession of a house and lot in the village of Papillion, originally instituted before a justice of the peace of Sarpy county, and in which plaintiff recovered a judgment for possession of the property. On an appeal from this judgment to the district court for Sarpy county the cause was tried to a jury, a verdict was rendered for plaintiff, there was a judgment on the verdict, and to reverse this judgment defendants bring error to this court.

The only controversy is as to the nature and duration of defendants' tenancy. The evidence shows that defendants purchased a small stock of harness from the husband of the owner of the premises; that after such purchase they entered into possession of the building and occupied the same as a residence and place of business; that when they first entered both parties occupied jointly for a short time, when the owner of the building removed to Hooper, Nebraska, leaving defendants in possession; that there was talk of a rent and an agreement to pay a stipulated sum per month for the use of the building; no contract as to

31

Graham v. Hiesel.

the length of time the building was to be occupied was mentioned; that afterwards defendant Graham entered into a pretended contract with the husband of the owner of the building for the leasing of the building for ten years for rent not to exceed $7 a month, and with a further condition that defendants would not prosecute plaintiff's husband on a charge of burglary. This pretended agreement was signed by the husband of the owner of the building, and not by the owner, and when offered in evidence was properly excluded by the district court as being void, both under the statute of frauds and as against good morals. The further evidence shows that, after the owners of the building had removed, the rent was collected by their agent, who agreed with the defendants as to the time at which the rent should be paid, and which, at their suggestion, was made to run from month to month, and to fall due on the 4th of each month. Rent was collected in this manner for several years, when the building was sold to the present owner, who is plaintiff in this action. After plaintiff's purchase of the premises, defendants remained in possession several months, paying the rent from month to month, when notice of more than 30 days was served on them for the purpose of terminating the tenancy. On expiration of this notice the statutory notice of three days was served, and thereafter the action in forcible entry was instituted.

The lower court gave numerous instructions, most of which were unnecessary, but none of which submitted any question which was prejudicial to the rights of the defendants. An examination of the testimony shows that no other judgment than that rendered by the district court could have been sustained under the evidence, and for this reason it is unnecessary to further review the instructions.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.